Donald C. CARMAN, et al., Plaintiffs,

v.

**FIRST NATIONAL BANK OF LOUISVILLE, Defendant.**

Civ. A. No. 84–0016 L(S).

United States District Court,
W.D. Kentucky,
Louisville.

Aug. 20, 1986.

Henry C. Bias, Jr., Charleston, W. Va., Don C. Meade, Louisville, Ky., Chauncey H. Browning, Gerald Lacy, Charleston, W. Va., for plaintiffs.

Elmer E. Morgan, Michael W. Troutman, Louisville, Ky., for defendant.

## MEMORANDUM

SILER, Chief Judge.

*BACKGROUND*

Currently before the Court for consideration is the defendant's motion for summary judgment, the response thereto filed by the plaintiffs, the defendant's reply and various supplemental memoranda filed by all parties. Having reviewed the motions and memoranda filed by counsel, the Court finds that the relief sought by defendant is appropriate; therefore, defendant's motion for summary judgment will be sustained.

The plaintiffs, Donald C. Carman and Martin R. Twist, were the sole shareholders and managing officers of Kentucky Pioneer Coal Company ("Kentucky Pioneer"). Commencing in 1977, Kentucky Pioneer engaged in the coal business in various states including Kentucky and in other countries. The plaintiffs established corporate bank accounts on behalf of Kentucky Pioneer and its subsidiary corporations with the defendant First National Bank of Louisville ("Bank"). Certain credit arrangements were established and maintained between the plaintiffs and defendant. They included guarantee agreements and stock pledges pursuant to which the Bank could lawfully exercise its rights to vote under said stock and thereby protect itself as a creditor of Kentucky Pioneer and its subsidiary corporations. In accordance with these arrangements, and as the plaintiffs' need for cash arose and subsided, the plaintiffs and their corporations borrowed and repaid various loans from the Bank.

In 1979, due to their failure to obtain payment for coal which was sold and shipped to a European business concern and because of a general slump in the coal business and some other problems, the plaintiffs were unable to make timely payments upon their obligations to the Bank.

On January 8, 1980, the parties entered into an agreement whereby a qualified managing agent was appointed and directed to exercise full power and authority to manage all of plaintiffs' corporations free from interference by the then current officers and directors of those corporations. The managing agent appointed was Arthur W. Brown, a retired vice-president of the Bank and a stockholder of First Kentucky National Corporation, the corporate holding company for the Bank.

It is the basic contention of the plaintiffs that under the guise of this managing agent agreement the defendant Bank illegally and improperly proceeded to take over plaintiffs' business activities and to liquidate them without regard to plaintiffs' rights or interests, or those of any other creditor of plaintiffs or their corporations. The plaintiffs filed this action claiming that the aforementioned "illegal" actions of the Bank violated provisions of 18 U.S.C. § 1962 and 12 U.S.C. § 1972.

On April 20, 1981, nearly three years prior to the filing of this action, the Bank filed a complaint against Twist and Carman in the Jefferson Circuit Court. Twist and Carman filed an answer and counterclaim in the state court proceedings and subsequently amended their answer and counterclaim. The Jefferson Circuit Court entered summary judgment for the Bank. After the Jefferson Circuit Court's summary judgment had become final, Twist and Carman appealed to the Kentucky Court of Appeals, which affirmed the lower court on August 26, 1983.

On January 5, 1984, this action was commenced in federal court. The defendant Bank moves this Court for summary judgment, arguing that the plaintiffs have already litigated this matter in state court and should therefore be barred from litigating it again under the theory of *res judicata*. For the following reasons, this Court is in agreement with that argument.

## DISCUSSION

Within its memorandum supporting the motion for summary judgment the defendant contends that the matter put before this Court by the plaintiffs is based upon the same facts previously litigated in the Jefferson Circuit Court. It appears from the record that the distinction between the amended counterclaim in the Jefferson Circuit Court action and the complaint in this action is the addition of two federal theories of recovery, to wit: civil RICO and the Bank Tying statute.

The Constitution's Full Faith and Credit Clause, which states that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State," is implemented by the federal full faith and credit statute, 28 U.S.C. § 1738. Under the terms of that statute, the "records and judicial proceedings of any court of any such State, Territory or Possession" after being authenticated "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Accordingly, in the absence of federal law modifying the operation of 28 U.S.C. § 1738, the preclusive effect in this Court of the prior state court judgment shall be determined by Kentucky law.

In a situation analogous to that before this Court, the United States Supreme Court has held that with respect to a petitioner's claim under 42 U.S.C. § 1983, which was not litigated in state court, petitioner's state court judgment has the same preclusive effect in federal court that the judgment would have in the state from which the state judgment issued. *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed.2d 56 (1984). This holding was reaffirmed in *Marrese v. American Acade-*

*my of Orthopaedic Surgeons,* 470 U.S. 373, 105 S.Ct. 1327, 84 L.Ed.2d 274 (1985), and more recently in *Parsons Steel, Inc. v. First Alabama Bank,* — U.S. —, 106 S.Ct. 768, 88 L.Ed.2d 877 (1986).

In *Migra,* the petitioner had been awarded judgment in her favor on a breach of contract theory by an Ohio Court of Common Pleas and that judgment was affirmed by the Ohio Court of Appeals. The petitioner then proceeded to file suit against the same defendant in the United States District Court for the Northern District of Ohio, alleging a civil rights violation. The district court granted summary judgment and the petitioner appealed. The United States Court of Appeals affirmed. The petitioner had the opportunity to raise her claim of the violation of her civil rights at the prior state court proceeding. She chose not to do so and was therefore precluded from making that claim at a subsequent federal proceeding.

The case at bar is similar to the situation portrayed in *Migra.* Plaintiffs had the opportunity to address *all* their claims in the prior state court action. Having chosen not to do so, this Court must interpret Kentucky preclusion law and apply it to the present action.

In their memorandum in opposition to the motion for summary judgment plaintiffs argue that the federal claims now asserted could not have been addressed in the prior state court action as the appropriate jurisdictional statutes upon which the plaintiffs now rely vest exclusive jurisdiction in the federal courts. This Court does not agree.

■ In dealing with the question of whether state courts can exercise concurrent jurisdiction with the federal courts in cases arising under the Constitution, laws and treaties of the United States, the general practice is to affirm the jurisdiction, where it is not excluded by express provision or fair implication. *See Charles Dowd Box Co. v. Courtney,* 368 U.S. 502, 507–8, 82 S.Ct. 519, 522–23, 7 L.Ed.2d 483 (1962); and *Clafin v. Houseman,* 93 U.S. 130, 3 Otto 130, 23 L.Ed. 833 (1876). No federal

appellate court has found sufficient grounds to rebut the presumption of concurrent jurisdiction with regard to these claims. As the jurisdictional statutes in question do not mandate exclusive jurisdiction, this Court concludes that state courts have concurrent jurisdiction over RICO and Anti-Bank Tying claims, following the language in *Chas. Kurtz Co. v. Lombardi,* 595 F.Supp. 373, 381 n. 11 (E.D.Pa.1984); *Luebke v. Marine National Bank of Neenah,* 567 F.Supp. 1460, 1462 (E.D.Wis.1983); and *Cianci v. Superior Court,* 40 Cal.3d 903, 221 Cal.Rptr. 575, 710 P.2d 375 (1985). This Court is well aware of the decision to the contrary in *County of Cook v. Midcon Corp.,* 574 F.Supp. 902, 912 (N.D.Ill.1983), *aff'd on other grounds,* 773 F.2d 892 (7th Cir.1985). The Seventh Circuit left open the question as to whether there is exclusive federal jurisdiction of a RICO claim, and listed all the cases, both federal and state, which have discussed the issue. 773 F.2d 905 n. 4.

■ Left to be decided is whether, under Kentucky law, the plaintiffs are barred from bringing this present action. Under the laws of the Commonwealth of Kentucky, the doctrine of *res judicata* acts as "a bar to a subsequent action where a former judgment has been rendered by a court of competent jurisdiction between the same parties upon the same matters directly involved in the prior suit." *Wallace v. Ashland Oil & Transportation Co.,* 305 S.W.2d 541, 543 (Ky.1957). The doctrine is "applicable not only to the issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time." *Egbert v. Curtis,* 695 S.W.2d 123, 124 (Ky.App.1985), *citing Hays v. Sturgill,* 302 Ky. 31, 193 S.W.2d 648 (1946).

However, if these causes of action are exclusively within federal jurisdiction, then the matters could not have been raised successfully in the Jefferson Circuit Court. Nevertheless, had the plaintiffs here desired to have raised those issues, they

should have asserted their claims in the permissive counterclaim to determine whether the Kentucky state court would recognize those claims, or else they could have brought these claims originally here without filing a counterclaim. As stated in *Luebke v. Marine National Bank of Neenah, supra* at 1462, "[T]he fact that the courts and laws of distinct sovereigns are involved does not permit plaintiff to institute a multiplicity of proceedings in contravention of settled *res judicata* principles."

Based on the foregoing case law, this Court finds that the plaintiffs, having already litigated this matter in state court, are barred from bringing this action now in federal court. Therefore, for the reasons stated in this memorandum, and in conjunction with the Order entered on even date, the defendant's motion for summary judgment will be sustained.