833 F.2d 541
 RICO Bus.Disp.Guide 6809
 J.M. MUNIZ, INC., A Texas Corp., Jose M. Muniz,
Individually, Garciela Muniz, Individually and
Best Textiles, Inc., a Texas Corp.,
Plaintiffs-Appellants,
v.
MERCANTILE TEXAS CREDIT CORP., A Texas Corp., Mercantile
National Bank, A National Association, Defendants-Appellees.
 No. 87-1082.
 United States Court of Appeals,
Fifth Circuit.
 Dec. 7, 1987.
Rehearing Denied Jan. 8, 1988.
 
 Philip R. Russ, Amarillo, Tex., for plaintiffs-appellants.
 Allen W. Kimbrough, Courtney L. Bass, Diana T. Fulper, Dallas, Tex., for defendants-appellees.
 Appeal from the United States District Court for the Northern District of Texas.
 Before GOLDBERG, JOHNSON and WILLIAMS, Circuit Judges.
 JERRE S. WILLIAMS, Circuit Judge:
 
 
 1
 Mercantile Texas Credit Corp. (now MCredit or MBank), sued appellants in a Texas state court for loan repayments, and appellants raised usury counterclaims. The Texas court held in favor of MCredit on the debt claims, and for appellants on two of their counterclaims. While the state suit was pending, appellants sued appellees in federal district court for RICO and National Bank Act violations based upon the same facts as the usury counterclaim allegations. After the state court entered final judgment (now under appeal in state appellate court), the federal court granted appellees' motion for summary judgment on grounds of both res judicata and collateral estoppel. Following review of the record, appropriate law, and oral argument, we affirm the district court's summary judgment for appellees on the ground that appellant was collaterally estopped from pursuing his claims in federal court. This conclusion makes it unnecessary to decide if the case is res judicata under Texas law.
 
 I.
 
 2
 Pursuant to a revolving accounts receivable financing agreement, MCredit and MBank loaned certain amounts to J.M. Muniz, Inc., a Dallas wholesale carpet and floor-covering company. Jose Muniz and his wife, Garciela Muniz, were personal guarantors on the debt; Best Textiles Co. also was a guarantor. In the course of dealings, appellant Muniz, Inc., with the permission of appellees, began to delay monthly reporting and payments to appellees in order to increase the company's eligible receivables and so remain in the black. After ten months of accepting this practice, appellees notified appellants in April, 1982, that thereafter the company's monthly reports and payments would have to be made promptly at the end of each month. Appellants alleged that this arbitrary, sudden, and unexpected request, together with MCredit's arbitrary and bad-faith refusal to advance additional funds, effectively shut down the Munizs' business.
 
 
 3
 After various efforts to collect on the debt, MCredit sued appellants for recovery in the Texas district court in September, 1982. In their counterclaims filed in the course of the state court proceeding during 1983, 1984, and 1985, appellants alleged that MCredit had committed usury and other unfair practices in collecting its debt. The case was tried to a jury in May, 1986. Special issue no. 20 asked the jury:
 
 
 4
 Do you find from a preponderance of the evidence that MCredit contracted for, charged or received interest from J.M. Muniz, Inc. in excess of "the statutory maximum rate" by any of the following:
 
 
 5
 a. In charging interest at 18% after maturity of the note in question[?]
 
 
 6
 b. In charging interest prior to maturity at the rate of prime + 6 when prime is arbitrarily posted at a higher rate than that charged the biggest corporate customers on a 90 day unsecured paper[?]
 
 
 7
 c. In the collection of funds from MUNIZ accounts and not crediting those funds to MUNIZ's account balance and continuing to accrue interest on the inflated balance[?]
 
 
 8
 d. In charging J.M. MUNIZ, INC. excessive rates of interest by agreeing to settle accounts in Mexico on the basis of 70 pesos per dollar and crediting MUNIZ's account at a higher exchange rate[?]
 
 
 9
 e. In figuring interest on the basis of a 360 day year[?]
 
 
 10
 f. In figuring interest on a rate alleged to be M/BANK'S prime rate when in fact it was figured at some other rate[?]
 
 
 11
 The jury answered "no" as to questions a, b, e, and f "yes" as to questions c and d and found that the amount of usurious interest on the loans in question was $13,067.41. In its judgment signed July 26, 1986, the trial court, based on jury findings, awarded MCredit $380,230.81 on the debt, plus $100,000 for attorney's fees, and awarded appellants $26,134.82, representing double the amount of usurious interest in accordance with Texas law, plus $35,000 for attorneys' fees.
 
 
 12
 Appellants had filed their original complaint in federal district court on May 4, 1984, against MCredit and MBank, alleging violations of the National Bank Act, 12 U.S.C. Secs. 85-86, and RICO, 18 U.S.C. Sec. 1961 et seq., and filed an amended complaint on June 4, 1984. Appellants also included a pendent state claim for usury, which is not at issue on this appeal.
 
 
 13
 Appellees filed a motion to dismiss for failure to state a RICO claim, or alternatively, a motion for summary judgment. The motions were denied on May 21, 1986. In this May 21 order, the court held that appellants had pled the essential elements of a RICO action under the Supreme Court's ruling in Sedima, S.P.R.L. v. IMREX Co., Inc., 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). Appellees filed their original answer to appellants' first amended complaint on June 3, 1986, and a motion for summary judgment pursuant to Rule 56, Fed.R.Civ.P., on December 19, 1986.
 
 
 14
 The December 19th motion for summary judgment was filed after the state trial court's entry of judgment as to the parties on July 26. In the motion appellees argued that appellants' claims all arose from the same transactions as those litigated in the state trial and were, therefore, barred by res judicata and by collateral estoppel. They further asserted that appellants' claims were also time-barred by applicable two-year statutes of limitations. As to the applicability of RICO, appellees charged that appellants had failed properly to plead a RICO claim in that they had not alleged an enterprise separate and distinct from appellants MCredit and MBank, which were persons, under the statute, and had failed to allege predicate acts sufficient to constitute a pattern of racketeering activity. Finally, appellees urged that appellants had failed to state a cause of action under the National Bank Act, 12 U.S.C. Secs. 85-86, because they had failed to plead as a necessary element the interest rate charged by appellees.
 
 
 15
 Appellants did not file a response within the 20-day period provided under local rules. The federal district court granted appellees' motion for summary judgment, noting that no factual issues had been raised that would prevent summary disposition, and finding that, "for reasons which are adequately stated in Defendants' motion, Defendants are entitled to judgment as a matter of law." The question presented on appeal is whether appellees' motion for summary judgment based both upon res judicata and collateral estoppel was providently granted as to the RICO claim.[1] We affirm on the basis of collateral estoppel.
 
 II.
 
 16
 It is well settled that in determining the preclusive effect of prior state court judgments, federal courts must apply the law of the state from which the judgment emerged. Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 896-97, 79 L.Ed.2d 56 (1984); Allen v. McCurry, 449 U.S. 90, 96, 101 S.Ct. 411, 415, 66 L.Ed.2d 308 (1980); Southern Jam, Inc. v. Robinson, 675 F.2d 94, 97-98 (5th Cir.1982); 28 U.S.C. Sec. 1738. Under Texas law it is clear that collateral estoppel bars further litigation of appellants' claims in federal district court. In view of this conclusion it is unnecessary to consider the issues with respect to res judicata.
 
 
 17
 Collateral estoppel is an equitable doctrine resting within the broad discretion of the lower court. United States v. Thomas, 709 F.2d 968, 972 (5th Cir.1983); Nations v. Sun Oil Co. (Delaware), 705 F.2d 742, 744-45 (5th Cir.1983). The doctrine of collateral estoppel prevents an issue of ultimate fact that has been determined by a valid and final judgment from being relitigated between the parties in any future lawsuits. United States v. Price, 750 F.2d 363, 365 (5th Cir.1985).
 
 
 18
 Under Texas law, collateral estoppel precludes the relitigation of identical issues actually litigated in a prior action, even though the subsequent action is based upon a different cause of action. Benson v. Wanda Petroleum Co., 468 S.W.2d 361, 362 (Tex.1971). All the issues in the subsequent action need not be the same as those in the prior suit; collateral estoppel merely precludes the same issues from being re-urged. Wilhite v. Adams, 640 S.W.2d 875, 876 (Tex.1982). For the doctrine to apply, a party must establish that (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action, (2) those facts were essential to the judgment in the first case, and (3) the parties were cast as adversaries in the first action. Bonniwell v. Beech Aircraft Corp., 663 S.W.2d 816, 818 (Tex.1984).
 
 
 19
 The court below did not make specific findings that the factual issues to be litigated under appellants' RICO claim were identical with those litigated in the prior action or that they were essential to the judgment in the state case. But its conclusion obviously implied such findings. Further, a comparison of the complaints and special issues submitted to the jury in the state case with the complaints filed in the second case reveals virtual identity. The critical point is that appellants concede that the factual issues before both courts were the same and that there was nothing "left over." The facts litigated were essential to the adjudication of appellants' state court claims. Nothing in the record intimates that the facts were other than fully and fairly litigated in the state proceeding. A RICO claim, therefore, could not add to the failure of the appellants to prove the facts alleged as to which judgment was rendered against them in the first case. The same parties were adversaries in the first action. The federal district court did not abuse discretion by granting summary judgment on the basis of collateral estoppel.
 
 III.
 
 20
 We find that the court below properly granted summary judgment on the ground of collateral estoppel. Because this conclusion is dispositive, we need not decide whether civil RICO claims can be adjudicated in state courts,[2] whether appellants stated a proper civil RICO cause of action[3], or whether the applicable statute of limitations would bar some or all of their claims.[4]
 
 
 21
 AFFIRMED.
 
 
 
 [1]
 Appellants did not appeal the summary judgment denying their National Bank Act claim
 
 
 [2]
 Decisions holding that federal courts have exclusive jurisdiction include: Cullen v. Margiotta, 811 F.2d 698, 732 (2d Cir.1987) (following New York decisional law); Massey v. City of Oklahoma City, 643 F.Supp. 81, 84 W.D.Okl.1986); Kinsey v. Nestor Exploration Ltd.--1981A, 604 F.Supp. 1365, 1370-71 (E.D.Wash.1985); Nordberg v. Lord, Day & Lord, 107 F.R.D. 692, 701 (S.D.N.Y.1985); County of Cook v. Midcon Corp., 574 F.Supp. 902, 910-12 (N.D.Ill.1983), aff'd on other grounds, 773 F.2d 892 (7th Cir.1985); Main Rusk Associates v. Interior Space Constructors, Inc., 699 S.W.2d 305, 307 (Tex.App.1985); Maplewood Bank & Trust Co. v. Acorn, Inc., 207 N.J.Super. 590, 593-94, 504 A.2d 819, 820-21 (Law Div.1985)
 Courts holding that civil RICO claims may be adjudicated in state courts include: Carman v. First Nat'l Bank, 642 F.Supp. 862, 864 (W.D.Ky.1986); Karel v. Kroner, 635 F.Supp. 725, 728-31 (N.D.Ill.1986); Chas. Kurz Co. v. Lombardi, 595 F.Supp. 373, 381 n. 11 (E.D.Pa.1984); Luebke v. Marine Nat'l Bank, 567 F.Supp. 1460, 1462 (E.D.Wisc.1983); Cianci v. Superior Court, 40 Cal.3d 903, 221 Cal.Rptr. 575, 710 P.2d 375, 378 (1985). Although the Seventh Circuit has not expressly decided the question, it has expressed doubt that federal courts have exclusive jurisdiction. Henry v. Farmer City State Bank, 808 F.2d 1228, 1232-37 (7th Cir.1986) (RICO claim is res judicata because appellants failed to raise fraud and forgery defenses in state trial, and may not do so "in the disguise of civil RICO claims in federal court"); County of Cook v. Midcon Corp., 773 F.2d 892, 898, 905 n. 4 (7th Cir.1985) ("It is by no means clear that federal courts have exclusive jurisdiction to hear RICO claims.") See also Printing Mart-Morristown, Inc. v. Rosenthal, 650 F.Supp. 1444, 1448-50 (D.N.J.1987) (under state "entire controversy" or "transaction" doctrine of claim preclusion, plaintiff should have raised its RICO allegations in prior state action).
 This Court has not yet decided the question.
 
 
 [3]
 This issue was given sparse attention by the parties on appeal. Since the issue is fact-oriented to this particular case, we do not undertake to cite developing case law of possible relevance
 
 
 [4]
 The Supreme Court has recently held that the four-year statute of limitations contained in the Clayton Act is the most appropriate limitation period for all civil RICO actions. Agency Holding Corp. v. Malley-Duff & Associates, Inc., --- U.S. ----, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). "With the possibility of multiple state limitations, the use of state statutes would present the danger of forum shopping and, at the very least, would 'virtually guarante[e] ... complex and expensive litigation over what should be a straightforward matter.' ABA Report 392. Moreover, application of a uniform federal limitations period avoids the possibility of the application of unduly short state statutes of limitation that would thwart the legislative purpose of creating an effective remedy." Id. 107 S.Ct. at 2766