**Jack GRAY and Emma Gray, Plaintiffs,**

v.

**Rollin B. COOMER, Coomer Drilling Company, Travis Dale Coomer, Mitchell O. Coomer, Coomer Oil and Gas Exploration Inc., Coomer & Bledsoe Well Service, Inc., Christine Coomer, Jessie Marie Sullivan, Thurston Sullivan and Sandra Sullivan, Defendants.**

**Civ. A. No. C-86-0173-BG(M).**

United States District Court, W.D. Kentucky, Bowling Green Division.

Sept. 9, 1988.

J. John Redelberger, Jr., Louisville, Ky., for plaintiffs.

Hunter Durham and James D. Zornes, Durham, Durham & Zornes, Columbia, Ky., William J. Rudloff, Harlin, Parker & Rudloff, Bowling Green, Ky., Louie B. Nunn, Parke, Ky., for defendants.

## MEMORANDUM OPINION

MEREDITH, District Judge.

The above-styled action is before the Court upon a variety of pending motions. Motions filed by the defendants which are currently pending include: (1) Motion to Dismiss; (2) Motion for Judgment on the Pleadings; (3) Motion for More Definite Statement; and (4) Motion for Summary Judgment. Similarly, the plaintiffs have filed a Motion to Amend Complaint. Jurisdiction for this action is based upon alleged violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 *et seq.* Generally, these alleged violations involve a conspiracy among and between the various defendants to defraud the plaintiffs out of their interests in various oil and gas leases; specifically leases collectively known as the Sullivan lease.

■ Initially, the Court must address the plaintiffs' Motion to Amend Complaint. A review of the original complaint reveals that no specific dates whatsoever were set out involving the predicate acts constituting this RICO action. As such, the original complaint required additional specificity in its allegations and/or claims. *See:* F.R. C.P., Rule 9(b); *Formax, Inc. v. Hostert,* 841 F.2d 388 (Fed.Cir.1988). The tendered amended complaint attempts to remedy this problem while adding three new defendants to the lawsuit. As a means of being able to address the issues raised in the defendants' Motion for Summary Judgment, the Court will grant the plaintiffs' Motion to Amend Complaint and the Clerk of the Court is hereby instructed to file the tendered complaint. However, as the Court will grant the Motion for Summary Judgment in favor of all named defendants for reasons to be subsequently stated, the plaintiffs will not be required to serve process on the three newly named Sullivan defendants and no defendants will be required to file answers to either the complaint and/or the amended complaint as the case may be. The Court takes this step at this juncture as a matter of economic and judicial economy for all concerned parties.

■ As an aside, the defendants' various pending motions, excluding their motion for summary judgment, will be denied as moot at this time. As pointed out by the plaintiffs, these various motions are not in compliance with the joint local rules and would have been summarily denied with

leave to refile upon compliance. However, if this RICO action were to be evaluated on its specific merits, then expansion of the motion to dismiss and motion for a more definite statement would have been mandated. As previously stated, specificity is required to plead a RICO action and additional facts and law would have been necessary for the Court to evaluate issues such as sufficiency of the complaint, statute of limitations, etc.

The defendants' Motion for Summary Judgment is based on the legal theories of: (1) *res judicata;* (2) collateral estoppel; and (3) statute of limitations. As this Court will grant the defendants' Motion for Summary Judgment based upon the legal theory of *res judicata,* it will not discuss the two remaining substantive legal theories at this time. Evaluation of the facts and law concerning this action as raised in the Motion for Summary Judgment will be made according to the standards as set forth in *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986); *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986) and *Matsushita Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986).

The Court's *res judicata* analysis is two-pronged. First, the Court must determine whether the jurisdiction to hear RICO disputes is exclusively vested with the federal courts or whether the jurisdiction is concurrently shared with the state courts. Second, this Court must determine whether the RICO claim filed in this action is part of the same cause of action as the claims reduced to judgment in Civil Action No. 82–CI–142 in the Adair Circuit Court.

▇ In their response to the defendant's Motion for Summary Judgment, the plaintiffs have made an extensive argument in favor of exclusive federal jurisdiction in RICO actions. (See Docket # 22, pp. 21–34). As such, should this Court find that federal courts have exclusive jurisdiction in RICO matters, then the plaintiffs would have been precluded from raising the instant RICO claim in the Adair Circuit Court. In support of their argument, the plaintiffs have argued Comment E to Section 25 of the Second Restatement of the Law of Judgments as well as its interpretation of the language of *Gulf Offshore Co. v. Mobil Oil Corp.,* 453 U.S. 473, 101 S.Ct. 2870, 2874–75, 69 L.Ed.2d 784 (1981). It is an analysis of the *Gulf Offshore* case as made by the Ninth Circuit Court of Appeals which convinces this Court that jurisdiction concerning RICO actions is concurrent with state courts as opposed to exclusive jurisdiction.

The arguments of counsel in the instant action and the variance in decisions from the various federal district courts, reveals that the exclusive/concurrent jurisdiction issue involving RICO actions is much debated and rarely decided in a uniform manner. The plaintiff has utilized an analysis of the *Gulf Offshore* case as a justification for finding exclusive jurisdiction in RICO actions. It is this very analysis, as made by the Ninth Circuit Court of Appeals in *Lou v. Belzberg,* 834 F.2d 730, 735–739 (9th Cir.1987), *cert. denied* —— U.S. ——, 108 S.Ct. 1302, 99 L.Ed.2d 512 (1988), which convinces this Court otherwise.

In addressing the mandates of the *Gulf Offshore* case, the *Lou* case stated at page 735:

> We begin with the presumption that state courts have subject matter jurisdiction over cases arising under federal laws. (Citation omitted) This presumption can be rebutted in three ways: "by an explicit statutory directive, by unmistakable implication from legislative history or by a clear incompatibility between state-court jurisdiction and federal interests."

101 S.Ct. at 2875.

The *Lou* court went on to address and analyze the instant issue at bar in the exact manner as the plaintiffs in their response to the defendants' Motion for Summary Judgment. Having considered the arguments raised by the plaintiffs in their pleading and the analysis made by the *Lou* court, this Court is compelled to defer to the *Lou* court on the instant matter.

In further support of the Court's decision, it should be noted that the United

States Supreme Court denied certiorari in the *Lou* case on April 14, 1988. On June 22, 1987, almost one year prior, the Supreme Court decided *Agency Holding Corp. v. Malley–Duff & Associates,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987). In the *Agency Holding* case, the Supreme Court held that the four-year statute of limitations applicable to Clayton Act civil enforcement actions applied in RICO civil enforcement actions. While this Court has no knowledge why the Supreme Court failed to grant certiorari in the *Lou* case, it is apparent that the Supreme Court had analogized RICO with the Clayton Act on this previous occasion and could have done so again had it desired to do so. As such, the *Lou* case is the only appellate court decision that has directly addressed the exclusive/concurrent jurisdiction issue involving RICO civil actions and has decided in favor of concurrent jurisdiction. Dicta from the Fifth and Seventh Circuit Courts of Appeal indicate that they would follow suit. See: *DuBroff v. DuBroff,* 833 F.2d 557, 562 (5th Cir.1987); *County of Cook v. MidCon Corp.,* 773 F.2d 892, 905, n. 4 (7th Cir.1985). As such, it appears that the appellate courts that have directly addressed the instant issue favor concurrent jurisdiction.

Having determined that concurrent jurisdiction exists between federal and state courts involving RICO civil actions, the Court must decide if the RICO claim currently pending in this action was part of the same claims which were decided in the Adair Circuit Court. If so, to what extent should the legal theory of *res judicata* apply?

■ Simplistically stated, the defendants contend that the RICO claim presently at bar is part and parcel of the claims decided by the Adair Circuit Court. The defendants contend that the issue of fraud involving the Sullivan leases and transactions involving Mineral Resources Corporation was decided in their favor; and therefore, barred by the doctrine of *res judicata.* The plaintiffs respond that the Adair Circuit Court action was a "fiduciary duties lawsuit" and furthermore, additional parties are named in the present action which were not originally involved in the state court action. The plaintiffs therefore argue that the doctrine of *res judicata* has no application to the present action. Upon review of pertinent pleadings, the state court record and applicable law, this Court must disagree with the plaintiffs' position and rule in favor of the defendants.

■ This Court must give to a State Court judgment the same preclusive effect as would be given that judgment under the law of the State in which judgment was rendered. *George v. United Kentucky Bank, Inc.,* 753 F.2d 50, 52 (6th Cir.1985); *cert. denied,* 474 U.S. 821, 106 S.Ct. 70, 88 L.Ed.2d 58 (1985). In further elaboration on this point, the Honorable Eugene E. Siler, Jr., stated:

> The Constitution's Full Faith and Credit Clause, which states that "Full Faith and Credit shall be given in each State to the public Acts, Records, and judicial Proceedings of every other State," is implemented by the federal full faith and credit statute, 28 U.S.C. § 1738. Under the terms of that statute, the "records and judicial proceedings of any court of any such State, Territory or Possession" after being authenticated "shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken." Accordingly, in the absence of federal law modifying the operation of 28 U.S.C. § 1738, the preclusive effect in this Court of the prior state court judgment shall be determined by Kentucky law.

*Carman v. First Nat. Bank of Louisville,* 642 F.Supp. 862, 863 (W.D.Ky.1986).

Judge Siler went on to analyze in the *Carman* decision the doctrine of *res judicata* as applied by the Kentucky State courts. On page 864 of that opinion Judge Siler stated in reference thereto:

> Under the laws of the Commonwealth of Kentucky, the doctrine of *res judicata* acts as "a bar to a subsequent action where a former judgment has been ren-

dered by a court of competent jurisdiction between the same parties upon the same matters directly involved in the prior suit." *Wallace v. Ashland Oil & Transportation Co.*, 305 S.W.2d 541, 543 (Ky.1957). The doctrine is "applicable not only to the issues disposed of in the first action, but to every point which properly belonged to the subject of the litigation in the first action and which in the exercise of reasonable diligence might have been brought forward at the time." *Egbert v. Curtis*, 695 S.W.2d 123, 124 (Ky.App.1985), *citing Hays v. Sturgill*, 302 Ky. 31, 193 S.W.2d 648 (1946). In justification and defense of the doctrine of *res judicata*, the *Sturgill* court stated:

The rule that issues which have been once litigated cannot be the subject matter of later action is not only salutatory but necessary in the administration of justice. The subsidiary rule that one may not split up his cause of action and have it tried piecemeal rests upon the same foundation. To permit it would not be just to the adverse party or fair to the courts.

Throughout their memorandum in response to defendants' Motion for Summary Judgment, the plaintiffs have characterized the nature of the civil suit previously litigated in the Adair Circuit Court as involving a breach of fiduciary duties owed to a joint venturer. While that claim was very much a part of the previous litigation, it was by no means the only legal theory relied upon by the plaintiff, Jack Gray, as a basis for recovery in that action. A review of the pleadings filed in that suit reveal that fraud had been pleaded therein and that the trial and appellate state courts denied recovery on that theory of law.

Attached to the defendants' Motion for Summary Judgment are certified copies of the pertinent pleadings generated from *Jack Gray v. Rollin Coomer, et al*, Adair Circuit Court No. 82–CI–142. Upon review of the complaint filed in the Adair Circuit Court action, there is no doubt that Jack Gray alleged fraud as a basis for recovery against Rollin Coomer as it pertained to the Sullivan leases. (See: Complaint, paragraphs 8, 9, 10, 11). It is also apparent from reading the Findings of Fact, Conclusions of Law and Judgment entered by Special Judge Don A. Ward, that the plaintiff, Jack Gray, was not permitted any recovery in that action premised on the theory of fraud. The trial court's opinion was affirmed by the Kentucky Court of Appeals in Action No. 84–CA–1204–MR.

While the plaintiffs' complaint and amended complaint filed in the instant action contain vague and generalized allegations of violations committed by the defendants which in the plaintiffs' opinion create a RICO claim, the core of this suit once again surrounds the Sullivan leases. Pages three through eight of the plaintiffs' amended complaint set forth the activities and/or transactions surrounding the Sullivan leases. It is only in regard to the Sullivan leases that the plaintiffs set forth any specific facts in either their complaint or amended complaint. Otherwise, these pleadings are stated in generalities which basically restate the language of the RICO act. In reference to the predicate acts alleged by the plaintiffs and necessarily required to form a RICO cause of action, the amended complaint specifically addresses the acts or transactions surrounding the Sullivan leases.

It is apparent that the predicate acts set forth by the plaintiffs which allegedly give rise to this RICO action are directly involved with the Sullivan leases. After almost a five page recitation of the facts surrounding the acquisition of the Sullivan leases, the plaintiffs, by counsel, stated in reference thereto:

Besides those fraudulent representations, false filings, conspiring, and mail and wire fraud committed (sic) by the Defendants in relation to the above related facts, the Defendants have ever since and on an ongoing basis conspired to deny the rights of the Plaintiffs and acted to those ends, and further injured Plaintiffs through similar activity and unfair, illegal competition in the oil industry with the Plaintiff, Jack Gray, funded by the profits of their previous predicate activity.

Outside of the allegation of a generalized ongoing conspiracy by the defendants, the specific predicate acts complained of by the plaintiffs go directly to the Sullivan leases.

There is no doubt on this Court's part that the current RICO claim could and should have been included in the Adair Circuit Court action. The plaintiffs' memorandum in response to defendants' Motion for Summary Judgment leaves no doubt that the plaintiff had knowledge of the actors and acts which allegedly gives rise to this RICO action during the pendency of the state court action. Directly addressing this point, plaintiffs' counsel stated on page 16 of his Response:

> In the present action, as noted throughout this memo, Plaintiff Jack Gray was a victim of an oil lease swindle at the hands of Rollin Coomer and company. He, therefore, sued in State Court for a remedy on Coomer's breach of fiduciary duties owed a joint venturer. *Only after the institution of that suit was Plaintiff Gray able to become aware of all the actors and actions concealed in Coomer's scheme.* The actors, *defendants herein,* under cover of family secrecy, *aided and abetted Rollin Coomer* in a series of wire frauds, mail frauds and securities violations with the ultimate outcome of "relieving" Mr. Gray of his 50 percent interest in an oil lease which has now pumped more than $3,000,000 in oil. (Emphasis added).

The plaintiffs, by counsel, went onto state at page 21 of the Response:

> As noted above, the Plaintiff, Jack Gray, felt he was swindled by a professional oilman, so he filed a lawsuit grounded on the breach of fiduciary duties owed to a joint venture partner. *It was not until the discovery phase of the State Court action* that the Plaintiff discovered the multitude of persons actually involved in defrauding him of his newly acquired oil interests. (Emphasis added).

As evidenced above, the plaintiff, Jack Gray, knew in the early stages of the Adair Circuit Court action, "all the actors and actions" concealed in Rollin Coomer's alleged scheme to defraud him of his interest in the Sullivan oil leases. Given the evidence necessary to prove a claim of fraud under Kentucky law, this Court believes that the proof introduced in the Adair Circuit Court regarding the fraud claim would necessarily encompass the predicate acts necessary to establish the RICO claim in the instant action.

As indicated in the plaintiffs' response, the plaintiff, Jack Gray, knew all the actors and actions giving rise to the instant RICO claims at the discovery stage of the state court suit. Clearly, the plaintiff could have moved the Adair Circuit Court to amend his complaint to include the RICO claim. The State Court record reveals that the plaintiff amended the complaint to add South Kentucky Purchasing Company as a party defendant. Clearly, the plaintiff had the option to do the same in regard to the RICO claim and the additional parties named in the instant action.

In the *George* case, the Sixth Circuit Court of Appeals reversed in part a dismissal of an action by the Honorable Charles M. Allen based partially on the doctrine of *res judicata.* In so finding, the Sixth Circuit ruled that the defendants therein were denied an opportunity by the state trial court to amend their answer to include the affirmative defense of fraud in the inducement. The Sixth Circuit ruled that since the claim of fraud in the inducement was not adjudicated in the state court proceedings and that claim could arguably form the basis of the RICO claim, then Judge Allen erred in dismissing the RICO claim in the federal action. Opposite to that scenario in the instant action, the plaintiff, Jack Gray, had every opportunity to move the Adair Circuit Court to amend its complaint to include the RICO claim presently before this Court. This Court is unaware why the plaintiff failed to move the Adair Circuit Court to amend his complaint; however, given the substantive Kentucky law concerning the doctrine of *res judicata,* the plaintiff is precluded from pursuing it now in this forum.

Based on the above reasoning, the doctrine of *res judicata* bars the prosecution of the instant RICO claim specifically as to

the named parties in the Adair Circuit Court action. However, as noted by the plaintiffs, additional parties have been named in this action that were not named in the state court action. This Court must address these additional parties and determine if the doctrine of *res judicata* is applicable to them also.

As a rule, the Kentucky courts permit only parties to the former action, and those in privity therewith, to plead *res judicata*. *Barnett v. Commonwealth*, 348 S.W.2d 834, 835 (Ky.1961). Generally, "privity involves a person so identified in interest with another that he represents the same legal right." 46 Am.Jur.2d, Judgments, § 532 (1969). However, exceptions for the requirements of privity and mutuality do exist. 46 Am.Jur.2d, Judgments § 522 (1969). This Court must decide which, if any, of the named parties in the federal action had privity with the parties named in the state action or if appropriate exceptions exist as to the additional defendants to permit their raising of the *res judicata* defense.

■ Jack Gray, Rollin Coomer and Coomer Drilling Company were the named parties in Adair Circuit Court Action No. 82–CI–142. As such, the doctrine of *res judicata* is appropriately utilized by Rollin Coomer and Coomer Drilling Company as an affirmative bar against Jack Gray in this RICO action. Similarly, Emma Gray's ability to recover is based upon her privity with her husband, Jack Gray. The original and amended complaints filed in this action state that "Mr. and Mrs. Gray's incomes are recognized by the federal and state governments as one; they have and do file joint tax returns." Given the identical identity of interests between the Grays, Mrs. Emma Gray would be likewise barred to pursue the RICO claim as to Rollin Coomer and Coomer Drilling Company.

The plaintiffs have named a variety of defendants in this action which were not named in the Adair Circuit Court action. Unless these additional parties were in privity with Rollin Coomer and/or Coomer Drilling Company, then exceptions to the privity rule would be required before they

could argue the doctrine of *res judicata* as a bar to the plaintiffs' RICO action. This Court notes that except for the three Sullivan defendants, the remaining defendants share a substantial identity of interests given the family and corporate relationships. However, as this Court determines that all named defendants are entitled to plead *res judicata* on the basis of at least two exceptions to the privity requirement, the Court will forego any further discussion of the privity issue between the Rollins' family and corporations at this time.

■ At least two exceptions to the privity requirement exist and are applicable to the case at bar. First, the Kentucky court's have adopted the "preclusion" exception as it pertains to non-parties to a former action pleading *res judicata* against a party to that action. In *Sedley v. City of West Buechel*, 461 S.W.2d 556, 559 (Ky.1971), the *Sedley* court analyzed the "preclusion" doctrine and stated:

> Many jurisdictions, however, have adopted the doctrine of "claim preclusion" or "issue preclusion" under which a person who was not a party to the former action nor in privity with such a party may assert *res judicata against* a party to that action, so as to preclude the relitigation of an issue determined in the prior action. The rule contemplates that the court in which the plea of *res judicata* is asserted shall inquire whether the judgment in the former action was in fact rendered under such conditions that the party against whom *res judicata* is pleaded had a realistically full and fair opportunity to present his case. (Citations omitted).

Other than Rollin Coomer and Coomer Drilling Company, the remaining named defendants were not parties to the Adair Circuit Court action. As previously discussed in some detail, the record reveals that Jack Gray alleged that Rollin Coomer defrauded him as to his interests in the Sullivan leases. Also, as previously discussed and determined by the Court, the predicate acts alleged by the plaintiffs as constituting their RICO claim herein form the basis of the fraud claim in the state court action.

The fraud claim was litigated through the Kentucky state court system and was resolved in favor of Rollin Coomer. The plaintiffs' response affirmatively stated that Jack Gray knew all the actors and actions concealed in Coomer's scheme at the discovery stage of the state court suit, therefore, he had a realistic full and fair opportunity to present his case. If Jack Gray did not choose to pursue all available claims at that time that was his prerogative; however, he must now be subject to the ramifications of that decision.

In the alternative, the privity requirement is not binding on the newly named defendants in the instant suit based on the derivative culpability exception. Throughout the complaint of the state court action, the entire basis of recovery on the theory of fraud, was predicated on the acts of Rollin Coomer. As previously noted, the claim of fraud against Rollin Coomer was dismissed from the state court suit both personally and as an agent of the Coomer Drilling Company. As the pleadings allege in the instant action, the various defendants participated in the conspiracy to defraud the plaintiffs of their oil leases through various transactions with Rollin Coomer. As stated on page 16 of the plaintiffs' response, "the actors, defendants herein, ... aided and abetted Rollin Coomer." Apparent from both the state and federal court records, the plaintiffs perceive Rollin Coomer as the central figure in the alleged conspiracy.

An exception to the privity requirement exists where a defendant's liability depends upon the culpability of another. If the other person was adjudged not culpable in a previous action then the defendant in the instant action may raise that judgment as an estoppel, even though a judgment holding the other person culpable would not be conclusive as to the defendant. See: 46 Am.Jur.2d Judgments §§ 522, 565; *Smith v. Campbell*, 286 S.W.2d 532, 535 (Ky. 1955).

The Adair Circuit Court ruled that Rollin Coomer had not defrauded Jack Gray in relation to the Sullivan lease transactions. This Court has previously ruled that the acts which form the basis of the fraud claim in the state court would similarly form the basis of the RICO claim in this Court. As Rollin Coomer was absolved of any liability on the basis of fraud in the previous action, the defendants who allegedly "aided and abetted" him in a series of wire frauds, mail frauds and securities violations shall be permitted to raise that judgment as an estoppel.

Based on the above, the Motion for Summary Judgment shall be granted in favor of all of the named defendants. An appropriate Judgment shall be entered this date.

## JUDGMENT

In accordance with its Memorandum Opinion entered this date; the Court, having determined that there is no genuine issue as to any material fact and that each of the above-named defendants are entitled to a judgment as a matter of law pursuant to Rule 56, Federal Rules of Civil Procedure, and the Court being otherwise sufficiently advised;

IT IS ORDERED AND ADJUDGED that the Motion for Summary Judgment filed by the defendants is hereby granted and the claims of the plaintiffs, Jack and Emma Gray, against each of the above-named defendants are dismissed with prejudice, with each party to bear their own costs.

This is a final and appealable Judgment.

## ORDER

In accordance with the Court's Memorandum Opinion and Judgment entered this date and the Court being otherwise sufficiently advised;

IT IS ORDERED:

1. The defendants' Motion to Dismiss, Motion for Judgment on the Pleadings and Motion for a More Definite Statement are hereby denied as moot.

2. The plaintiffs' Motion to Amend Complaint is granted and the Clerk of the Court is hereby instructed to file same. In accordance with and pursuant to this Court's Memorandum Opinion, no service of process will be required to be served upon the three newly named defendants in

the amended complaint and no additional answers will be required to be served either to the original complaint or amended complaint.