In re Kerry Whitten HILL.

Kerry W. HILL, Plaintiff,

v.

BANK OF FALKNER and James McMillin, Defendants.

Bankruptcy No. 88–0405–BKC–WSE.
Adv. No. 89–1036.

United States Bankruptcy Court,
N.D. Mississippi.

March 16, 1990.

Ed Jenkins, Comer and Jenkins, Booneville, Miss., Ják M. Smith, Tupelo, Miss., and Talmadge D. Littlejohn, New Albany, Miss., for Kerry Whitten Hill.

Wendell H. Trapp, Jr., Smith, Ross and Trapp, Corinth, Miss., for Bank of Falkner and James McMillin.

## OPINION

DAVID W. HOUSTON, III,
Bankruptcy Judge.

On consideration of the motion to dismiss or, in the alternative for summary judgment, filed by the defendants, Bank of Falkner, and James McMillin, President of the Bank of Falkner; response to said motion having been filed by the plaintiff, Kerry Whitten Hill; and the Court having reviewed said motion, response, supporting exhibits and affidavits, hereby finds and adjudicates as follows, to-wit:

### I.

This Court has jurisdiction of the subject matter of and the parties to this proceeding pursuant to 28 U.S.C. § 157(b). This is a non-core adversary proceeding; however, all of the parties have consented to this Court entering a final order in this proceeding pursuant to the provisions of 28 U.S.C. § 157(c)(2).

### II.

In late 1979 and early 1980, the plaintiff negotiated with the bank, through its representative, McMillin, for a loan in the amount of $55,000.00. Proceeds from this loan were to be used by the plaintiff for business operating expenses.

Around January 3, 1980, the plaintiff allegedly signed a blank promissory note in favor of the bank and received a deposit slip in the amount of $5,000.00, evidencing an initial advance on the loan. (The Court recognizes the legal principle that anyone who signs a document in blank does so at his or her peril.)

A dispute arose between the plaintiff and the bank as to the terms of the loan. The plaintiff contends that the loan required interest at the rate of 10% per annum, no monthly payments, and was due in full one year from the loan date. The bank contends that the promissory note, #3065, executed in connection with the loan, was in the sum of $65,000.00, bore interest at the rate of 16% per annum, and was payable in 48 equal monthly installments of $2,000.00, beginning April 1, 1980. The parties also vigorously dispute whether the plaintiff actually defaulted under the terms of the loan.

The plaintiff contends that sometime before May 1, 1980, McMillin informed him that $15,000.00 had been transferred from his bank account and applied to the note balance. This transfer was allegedly made upon the insistence and instruction of an F.D.I.C. agent. The plaintiff asserts that this transfer was made without his consent or knowledge in violation of § 75–4–401, Miss.Code Ann., and, consequently, caused an overdraft in his account. In connection therewith, he seeks damages pursuant to § 75–4–402, Miss.Code Ann., because his checks were wrongfully dishonored.

The bank filed suit against the plaintiff in the Circuit Court of Tippah County, Mississippi, on August 15, 1980, under Cause No. 2018, seeking collection of note #3065. A lis pendens notice was contemporaneously filed with the Tippah County Chancery Clerk. The bank's attorney initiated an additional suit against the plaintiff for at-

torney's fees incurred as a result of his filing Cause No. 2018, and filed a second lis pendens notice.

The lis pendens notices and the lawsuits were dismissed on August 28, 1980, approximately two weeks later, when the plaintiff signed a second promissory note, # 4012, in favor of the bank in the sum of $73,417.32. This note, which apparently was in settlement of the pending litigation, renewed note # 3065, and covered an overdraft of $8,417.82, caused by the aforementioned $15,000.00 transfer from the plaintiff's account. The plaintiff *now* contends that this renewal note was executed "..., under duress and coercion perpetrated by the ... defendant bank and its agents and employees ..."

On January 21, 1983, the bank sued the plaintiff in the Tippah County Chancery Court, Cause No. 11,447, seeking specific performance of note # 4012. In response, the plaintiff filed an answer, amended answer, affirmative defenses, and a counterclaim against the bank alleging fraud. In substance, the counterclaim charged that the bank unlawfully altered the terms of note # 3065 and the description of the collateral which secured the note, all in violation of § 75–3–406 and § 75–3–407, Miss. Code Ann. This case has remained pending for over seven years.

On March 28, 1983, the plaintiff filed a cause of action against the bank, F.D.I.C., and McMillin in the United States District Court for the Northern District of Mississippi, Cause No. 83–58–LS. This case included allegations that the bank had violated the Federal Truth in Lending Act and various state banking statutes in connection with the loans evidenced by notes # 3065 and # 4012. This case was dismissed on August 17, 1984, and no appeal or other post-judgment relief was sought.

On February 19, 1988, the plaintiff filed another complaint against the bank and McMillin in the United States District Court for the Northern District of Mississippi alleging, inter alia: (1) that they had violated the Federal Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961–1968), (2) that they had deprived the plaintiff of certain rights, privileges and immunities guaranteed under the United States Constitution in violation of 42 U.S.C. § 1983, and (3) that they had violated § 75–4–401, § 75–4–402, § 75–3–406 and § 75–3–407, Miss.Code Ann., all in connection with their activities related to the plaintiff's loans. On March 12, 1988, the plaintiff filed his voluntary Chapter 7 bankruptcy petition. Almost one year later, the second District Court case, which had been assigned Cause No. 88–23–D–D, was referred to this Court for adjudication.

The bank and McMillin filed a joint motion to dismiss or, in the alternative, for summary judgment. This motion alleges that the various causes of action set forth in the plaintiff's complaint are barred by the applicable statutes of limitations.

### III.

■ To properly determine if the instant complaint was timely filed, the Court must first ascertain when the plaintiff's alleged causes of action accrued. The plaintiff argues that he first discovered on October 1, 1982 that note # 3065 had been altered. Thus, he contends that all applicable statutes of limitations should begin to run from that date. This issue can be easily resolved through a review of the discovery materials furnished to the Court and the affidavits submitted by the defendants.

In a deposition taken June 10, 1983, the plaintiff admits that he received a copy of note # 3065 sometime during August, 1980.[1]

---

1. Q. All right, you earlier identified and you've referred to in your pleadings, a promissory note number 3065, and this is the $65,000 promissory note dated March 1 of 1980. Do you recall us discussing that some?
   A. Sure do.
   Q. Let me get it for you, so I'll make sure we are on the same wave length. This is the one, I

believe you allege was altered in some form or fashion after you signed it?
   A. You mean, altered after I signed it. It was filled out after I signed it.
   Q. All right. It wasn't just a case of the $2,000 being put on there, it was the whole thing was done after you signed it?
   A. Uh, huh.

The affidavits, attached to the defendants' motion, reveal that the plaintiff should have received copies of note #3065 on at least three occasions, to-wit:

1. August 5, 1980; a letter was mailed to the plaintiff by R.S. Hardin which had enclosed a lis pendens notice and a copy of note #3065 attached thereto, all of which was received by the plaintiff on August 16, 1980, as indicated by a certificate for receipt of certified mail. (Affidavit of Wendell H. Trapp, Jr., Exhibit "A".)

2. August 18, 1980; a copy of note #3065 was attached as an exhibit to a declaration filed in the Circuit Court of Tippah County, Mississippi, in Cause No. 2018, in which the plaintiff was served with process. (Affidavit of Wendell H. Trapp, Jr., Exhibit "B".)

3. August 25, 1980; a copy of note #3065 was attached to a document entitled "Agreement" entered into between the plaintiff and the bank acting by and through its president, McMillin. (Affidavit of Wendell H. Trapp, Jr., Exhibit "C".)

The Court is of the opinion that it is not seriously disputed that the plaintiff was aware of the alleged misconduct by the defendants in August, 1980, rather than on October 1, 1982.

## IV.

■ All illegal activity charged against the defendants pursuant to the federal RICO statutes, 18 U.S.C. §§ 1961–1968, is expressly alleged in the complaint to have occurred before August 28, 1980.

Q. When did you first get a copy of that promissory note?
A. This?
Q. Yes, sir.
A. I didn't sign this on March the 1st.
Q. But when did you finally get a copy of that promissory note?
A. I got a copy of this promissory note off of a lis pendens—I believe off of a lis pendens notice that the Bank of Falkner filed on me prior to the filing the suit in August of 1980.
Q. So, you got a copy of that promissory note, being the $65,000 one sometime in August of 1980?

The United States Supreme Court has adopted a uniform four year statute of limitations for federal RICO civil actions. *Agency Holding Corp. v. Malley–Duff and Associates,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987) (statute of limitations period based upon the Clayton Act, 15 U.S.C. § 15(b)). Similar decisions have been reached by the Fifth Circuit Court of Appeals. *See, Corwin v. Marney, Orton Investments,* 843 F.2d 194, 199 (5th Cir. 1988); *Jensen v. Snellings,* 841 F.2d 600, 605 (5th Cir.1988); *Davis v. A.G. Edwards and Sons, Inc.,* 823 F.2d 105, 108 (5th Cir.1988); *J.M. Muniz, Inc. v. Mercantile Texas Credit Corp.,* 833 F.2d 541 (5th Cir. 1987).

To have properly met the four year statute of limitations established for RICO civil claims, the plaintiff should have filed his complaint no later than August 28, 1984. However the instant suit was not filed until February 19, 1988, approximately three and a half years after the statute of limitations had run. Therefore, the Court finds that those portions of the plaintiff's complaint brought under the federal RICO statutes are barred.

## V.

■ For purposes of this proceeding, causes of action brought under 42 U.S.C. § 1983 would be governed by Mississippi's six year residual statute of limitations, i.e., § 15–1–49, Miss.Code Ann. (1972). *Kozam v. Emerson Electric Co.,* 711 F.Supp. 313 (N.D.Miss.1989). *See also, Owens v. Okure,* 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) (The U.S. Supreme Court held that general or residual statutes of limitations for personal injury actions

A. Right, when it was served on me, uh, huh.
Q. Was that before or after you executed the later $73,417.42 note?
A. You mean, was—did I get the copy of it before that?
Q. Yes sir.
A. I got a copy before.
Q. Yes sir. You got the copy of the $65,000 loan before you executed the $73,000?
A. Right. It was attached to the lis pendens notice....

are applicable to § 1983 actions where a state has multiple statutes of limitations for personal injuries.)

Section 15–1–49, Miss.Code Ann. (1972), provided the following:

All actions for which no other period of limitation is prescribed shall be commenced within six (6) years next after the cause of such action occurred, and not after. § 15–1–49, Mississippi Code Annotated, 1972.

(Effective July 1, 1989, this statute was amended to provide a reduced three year general statute of limitations.)

The plaintiff has broadly plead 42 U.S.C. § 1983, a civil rights statute enacted basically to provide a person a right of redress for injuries caused by another person who was acting at the time under color of state law. The complaint's allegations of misconduct on the part of the defendants in this area are somewhat opaque. Nonetheless, there are no allegations of wrong doing that appear to have occurred subsequent to August 28, 1980. Therefore, the statute of limitations is dispositive.

For the plaintiff to have met the deadline prescribed by the six year statute, his suit should have been filed no later than August 28, 1986. However, the instant complaint was filed approximately eighteen months after the limitations period had expired. The Court, therefore finds that that portion of the plaintiff's complaint brought under 42 U.S.C. § 1983 is barred.

## VI.

The remaining portions of the plaintiff's complaint assert violations of § 75–4–401, § 75–4–402, § 75–3–406 and § 75–3–407, Miss.Code Ann., as well as, a variety of common law torts, such as intentional injury, fraud, false pretenses, libel, slander, slander of title, etc. Again, Mississippi's six year residual statute of limitations, effective at the time of the initiation of this proceeding, would primarily be applicable. Section 15–1–35, Miss.Code Ann. (1972), a one year statute of limitations, would apply to the plaintiff's charges of libel, slander, and slander of title.

(Further Code sections are to be considered as Miss.Code Ann. (1972), unless specifically noted otherwise.)

## VII.

According to the complaint, the defendants' purported violation of § 75–4–401, plead as the unlawful and illegal withdrawal of funds from the plaintiff's account, occurred sometime between February 8 and May 1, 1980. (See Paragraphs VI and XIII of the complaint.) The defendants' alleged violation of § 75–4–402, plead as the unlawful dishonoring of checks, occurred during this same period. (See Paragraphs VI and XIV of plaintiff's complaint.) Because the complaint was filed almost two years late, considering the six year statute of limitations, the Court finds that those parts of the complaint alleging violations of § 75–4–401 and § 75–4–402 are barred.

## VIII.

The plaintiff's allegations regarding § 75–3–406 and § 75–3–407 charge the defendants with fraudulently and materially altering note # 3065. The complaint fails to specify when this purported act occurred, but simply states that the plaintiff did not discover the alteration until October 1, 1982. The Court has previously resolved this dispute against the plaintiff based on his own admission. Applying the six year statute of limitations once more, the Court finds that those parts of the plaintiff's complaint, alleging violations of § 75–3–406 and § 75–3–407, are barred.

## IX.

Insofar as the common law torts are concerned, the complaint does not assert that any of the alleged wrongful acts occurred after August, 1980. As such, these causes of action are barred by the provisions of § 15–1–35 and § 15–1–49.

## X.

Having determined that no portions of the plaintiff's complaint survive the requirements of the applicable statutes of limitations, the Court is of the opinion that

the defendants' motion to dismiss is well taken and is hereby sustained.

An Order will be entered consistent with this Opinion.